UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BACKGRID USA, INC.; BACKGRID LONDON LTD.,<br><br>                              Plaintiffs,<br><br>-v-<br><br>THE ARENA GROUP HOLDINGS, INC.; and DOES 1 through 20,<br><br>                              Defendants. | CASE NO.  1:24-cv-6599<br><br>COMPLAINT<br><br>**DEMAND FOR JURY TRIAL** |

       Plaintiff BackGrid USA, Inc. and Backgrid London Ltd. (collectively "BackGrid") allege their personal knowledge as to matters relating to themselves and on information and belief as to all other matters, as follows:

**NATURE OF CASE**

       1.      This case involves violations of copyright law. Defendant The Arena Group Holdings, Inc. ("Arena"), an entity that relies on the strictures of copyright law for their own business model, infringed BackGrid's works. Arena willfully infringed new photographs even after receipt of notice of its infringement. Each of BackGrid's photographs are valuable celebrity photographs and are timely registered with the United States Copyright Office.

       2.      Defendant Arena and Does 1-20 (collectively "Defendants") conduct have caused, and continues to cause, BackGrid significant and irreparable harm, and BackGrid's repeated demands, through its representatives, for Defendants to cease their unlawful conduct have only emboldened Defendants to infringe additional photographs owned by BackGrid.

1

**PARTIES**

3. Plaintiff BackGrid, USA Inc. ("BackGrid USA") is a California corporation existing under the laws of California, with its principal place of business located in Los Angeles, California.

4. Plaintiff Backgrid London Ltd. ("BackGrid UK") is a limited company formed under the laws of the United Kingdom, with its principal place of business is London, England.

5. On information and belief, Defendant The Arena Group Holdings, Inc. is incorporated in and existing under the laws of Delaware with its principal place of business in New York, New York.

6. Does 1 through 20, inclusive (the "Doe Defendants"), are unknown to BackGrid, who therefore sues said Defendants by such fictitious names. BackGrid will seek leave to amend its Complaint and insert the true names and capacities of the Doe Defendants when the same have been ascertained. Each Doe Defendant designated herein as a "Doe" is, on information and belief, legally responsible in some manner for the events and happenings herein alleged, by among other things, (1) directing and instituting the copyright infringement actions with and for Arena Group and/or (2) aiding, assisting and abetting the infringements described herein, and thus BackGrid's damages as alleged herein were proximately caused by such Doe Defendants.

**JURISDICTION AND VENUE**

7. This is a civil action against Defendants for copyright infringement under the U.S. Copyright Act, 17 U.S.C. §§ 501 *et seq.* This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501(a) and 28 U.S.C. § 1331, 1332, and 1338.

8. Personal jurisdiction in New York and in this District is proper pursuant to N.Y. C.P.L.R. §§ 301 and 302 because Defendants (a) reside in this District; (b) engage in continuous

and systematic business in this District; (c) transact business within New York and in this District; and (d) have committed acts of copyright infringement inside of New York.

9. Venue is proper in this District under 28 U.S.C. § 1400.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

10. BackGrid USA and BackGrid UK own and operate Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. They own the intellectual property rights, including the copyrights, to photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, Huffington Post, the Daily Mail, as well as many television stations, newspapers, and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

11. Among many other in-demand works, BackGrid USA and BackGrid UK own coveted photographs of Taylor Swift, Travis Kelce, Luka Doncic, Chris Evans, Brie Larson, Sebastian Stan (collectively the "Celebrity Photographs") among many others. Each of the Celebrity Photographs at issue in this action is timely registered. BackGrid US filed for copyright registration of the Celebrity Photographs belonging to BackGrid US ("BackGrid US Celebrity Photographs") within 90 days of their first publication with the United States Copyright Office. Those copyright registration numbers are attached hereto as Exhibit A-1. BackGrid UK filed for copyright registration of the Celebrity Photographs belonging to BackGrid UK ("BackGrid UK Celebrity Photographs") within 90 days of their first publication with the United States Copyright Office. Those copyright registration numbers are attached hereto as Exhibit A-2.

*Defendant and Its Willfully Infringing Activity*

12. On information and belief, Defendant Arena owns and operates popular websites, such as TheStreet, The Spun, Parade, and Men's Journal. In addition, it, at least, owns, operates,

and/or partners with Fadeaway World. Among other things, the Arena Group website touts in a webpage entitled "Our Brands," "The Arena Group's mix of owned and operated brands and partners represents the best in journalism and publishing today," and lists Fadeaway World as one of those brands.

13. Defendants have, at least, publicly displayed the Celebrity Photographs on the Website without consent or license, as shown in Exhibit B-1 and B-2, which is incorporated herein by reference. Each of the infringements were discovered within three years of filing this above captioned action.

14. Defendants violated federal law by willfully infringing BackGrid's copyrights to at least 26 BackGrid US Celebrity Photographs, and at least 2 BackGrid UK Celebrity Photographs on, at least, the websites that they, on information and belief, own, operate, or control, such as theSpun.com, meansjournal.com, and fadeawayworld.com (collectively the "Websites").

15. Defendants knew they did not have the right to post and exploit the Celebrity Photographs. Among other things, Defendants are in the publishing business and rely on the strictures of copyright law to protect its own content. Moreover, on or around December 11, 2023, BackGrid's agent sent Defendant correspondence putting it on notice of its infringement. *After* receipt of the letter, Defendants infringed an additional Celebrity Photographs belonging to BackGrid.

16. BackGrid's copyright agent and Defendant corresponded for months as BackGrid attempted to resolve this dispute without pursuing litigation and on May 1, 2024, Defendant noticed "I will be in touch soon after receiving an updated settlement authority from the client." After that, Defendant did not respond to BackGrid. Instead, it filed a declaratory judgment suit in the Central District of California, in an attempt to avoid the copyright laws of this District, the district in which Defendant resides. Here, courts have embraced the notion that embedding is infringement, whereas in the Central District of California, the courts have not.  While the initial complaint was filed on May 9, 2024, Defendant amended the complaint

on June 7, 2024. The First Amended Complaint was not properly served on BackGrid US. Regardless, the Parties conferred and BackGrid US permitted Defendant to file a Second Amended Complaint that was filed on August 13, 2024.

17. Defendants induced, caused, or materially contributed to the public display of the Celebrity Photographs and derivatives thereof, all while knowing or having reason to know of the infringement on the Website was without permission, consent, or license.

18. On information and belief, Defendant operates and controls the Websites at all times relevant to this dispute and financially benefits from the infringement of the Celebrity Photographs displayed thereto.  On information and belief, Defendants has driven significant traffic to their Websites, and therefore increased its revenues, in large part due to the presence of the sought after and searched-for Celebrity Photographs that frame this dispute.  All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions.

**FIRST CAUSE OF ACTION**
**DIRECT COPYRIGHT INFRINGEMENT, 17 U.S.C. §§ 106, 501**
**(BackGrid US Against All Defendants)**

19. BackGrid US incorporates by reference each and every allegation in paragraph 1 through 18 as if fully set forth herein.

20. BackGrid US is the owner of all rights, title, and interest in the copyrights of the BackGrid US Celebrity Photographs that frame this dispute, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

21. BackGrid US filed for copyright registration of the BackGrid US Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

22. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid's copyrights by at least publicly displaying and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

23. All of the Defendants' acts are and were performed without permission, license, or consent of BackGrid US.

24. BackGrid US has identified at least 26 instances of infringement by way of the unlawful reproduction and display of BackGrid US's photographs.

25. As a result of the acts of Defendants alleged herein, BackGrid has suffered substantial economic damage.

26. Defendants have willfully infringed, and unless enjoined, will continue to infringe BackGrid US's copyrights by the knowing publicly display of its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefits they receive from BackGrid US's copyrights.

27. The wrongful acts of Defendants have caused, and are causing, injury to BackGrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BackGrid US seeks a declaration that Defendants are infringing BackGrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

28. The above-documented infringements alone would entitle BackGrid US to a potential award of up to $150,000 per work in statutory damages for each of the 26 infringed photographs, in addition to its attorney's fees.

## SECOND CAUSE OF ACTION
### DIRECT COPYRIGHT INFRINGEMENT, 17 U.S.C. §§ 106, 501
**(BackGrid UK Against All Defendants)**

29. BackGrid UK incorporates by reference each and every allegation in paragraph 1 through 17 as if fully set forth herein.

30. BackGrid UK is the owner of all rights, title, and interest in the copyrights of the BackGrid UK Celebrity Photographs that frame this dispute, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

31. BackGrid UK filed for copyright registration of the BackGrid UK Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

32. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid's copyrights by at least publicly displaying and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

33. All of the Defendants' acts are and were performed without permission, license, or consent of BackGrid UK.

34. BackGrid UK has identified at least 2 instances of infringement by way of the unlawful reproduction and display of BackGrid UK's photographs.

35. As a result of the acts of Defendants alleged herein, BackGrid UK has suffered substantial economic damage.

36. Defendants have willfully infringed, and unless enjoined, will continue to infringe BackGrid UK's copyrights by the knowing publicly display of its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefits they receive from BackGrid UK's copyrights.

37. The wrongful acts of Defendants have caused, and are causing, injury to BackGrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, BackGrid UK seeks a declaration that Defendants are infringing BackGrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

38. The above-documented infringements alone would entitle BackGrid UK to a potential award of up to $150,000 per work in statutory damages for each of the 2 infringed photographs, in addition to its attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photographs of BackGrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6.  For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7.  For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and

8.  For any such other and further relief as the Court may deem just and appropriate.

Dated: August 30, 2024                         By: /s/ Leo M. Lichtman

        Joanna Ardalan (*Pro hac vice* forthcoming)
        Leo M. Lichtman
        **ONE LLP**
        23 Corporate Plaza, Ste 150
        Newport Beach, CA 92660
        Telephone: (949) 502-2870
        Facsimile: (949) 258-5081
        jardalan@onellp.com
        llichtman@onellp.com

        *Attorneys for Plaintiffs BackGrid USA, Inc. and Backgrid London Ltd.*

## **DEMAND FOR A JURY TRIAL**

BackGrid USA, Inc. demands a jury trial for all issues so triable.

Dated: August 30, 2024                         By: /s/ Leo M. Lichtman

        Joanna Ardalan (*Pro hac vice* forthcoming)
        Leo M. Lichtman
        **ONE LLP**
        23 Corporate Plaza, Ste 150
        Newport Beach, CA 92660
        Telephone: (949) 502-2870
        Facsimile: (949) 258-5081
        jardalan@onellp.com
        llichtman@onellp.com

        *Attorneys for Plaintiffs BackGrid USA, Inc. Backgrid London Ltd.*